**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| LARRY MAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:03-CV-379-PRC |
| ) | |
| CITY OF HAMMOND, INDIANA; FORMER ) | |
| POLICE CHIEF FRANK DUPEY, ) | |
| LIEUTENANT RICHARD TUMILDALSKI, ) | |
| LIEUTENANT ROBERT SEAMAN, ) | |
| DETECTIVE SGT. RAYMOND MYSZAK, ) | |
| DETECTIVE MICHAEL SOLAN, DETECTIVE ) | |
| SGT. DENNIS WILLIAMS, and JOHN and JANE ) | |
| DOES 1 through 50, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on (1) Defendants' Motion *in Limine* as to Steven Jay Lynn, Ph.D. [DE 141], filed by Defendants City of Hammond and John and Jane Does 1 through 50[1] on March 28, 2006; (2) Defendant Detective Sgt. Raymond Myszak's Motion in Limine as to Steven Jay Lynn, Ph.D. [DE 145], filed by Defendant Myszak on March 28, 2006; and (3) Plaintiff's Motion to Strike Portions of the Defendants' Reply Brief as to Dr. Lynn [DE 219], filed by Plaintiff Larry Mayes on May 12, 2006. The motions are fully briefed.

In the Motion to Strike, Mayes asks the Court to strike arguments in Defendant City's reply brief that were not mentioned in Defendants' original motion as to Dr. Lynn. Specifically, Mayes asks that the arguments in the reply brief from pages 9-11 that address opinions 1, 2 and 4 of Dr.

---

[1] Defendants Det. Sgt. Robert Townsell and Officer John Ratajczak also joined in this motion. However, Defendants Townsell and Ratajczak were dismissed from this action on May 8, 2006 by Court Order.

1

Lynn's report be stricken as they were not raised in the original motion. Having reviewed the arguments made by both parties on the motion to strike and having reviewed the arguments set forth in the Defendants' Motion *In Limine* as to Steven Jay Lynn, Ph.D., the Court finds that arguments as to opinions 1, 2, and 4 of Dr. Lynn's report were not raised by the Defendants in the opening brief and, therefore, the Court strikes them from the reply brief.

In the Motion *In Limine*, Defendants request an order barring the testimony of Steven Jay Lynn, Ph.D. ("Dr. Lynn") pursuant to Federal Rules of Evidence 402, 403, and 702 and *Daubert v. Merrill Dow Pharmaceuticals, Inc.* and its progeny. Specifically, Defendants argue that during the course of his deposition, Dr. Lynn demonstrated that he cannot provide any reliable substantive opinions in this matter specific to the effect of the "hypnosis" on Ms. Jaynes. One of the areas that Mayes has asked Dr. Lynn to address is the alleged impact of what Mayes considers to be a "hypnosis" upon Lisa Jaynes' identification of Mayes during the investigation of her rape. Defendants argue that Dr. Lynn's testimony on the confidence of Ms. Jaynes' testimony is inadmissible because Dr. Lynn has ignored the fact of Ms. Jaynes' identification of Mayes on October 6, 1980, which took place prior to the alleged hypnosis session; because Dr. Lynn has conceded that lab studies in this topic area have little or no relevant value to real world situations; and that Dr. Lynn has not applied the methodology that he uses in his lab studies to assess Ms. Jaynes as he has not tested or examined her personally.

The admissibility of expert testimony in federal court is governed by Federal Rule of Evidence 702 and *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny. *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000). Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an

> expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

The Supreme Court in *Daubert* interpreted Rule 702 to require that "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000). A district court judge "is required to determine (1) whether the expert would testify to valid scientific knowledge, and (2) whether that testimony would assist the trier of fact with a fact at issue." *Id*. The court thus acts as a gatekeeper in determining whether so-called expert testimony meets the criteria established in *Daubert*. The court's role is "to keep experts within their proper scope, lest apparently scientific testimony carry more weight with the jury than it deserves. *Id*. In making this determination as to relevancy and reliability, the court must establish whether the expert is qualified in his field and also examine the methodology the expert has used in reaching his conclusions. *Id*. An expert's opinion must consist of more than simply subjective belief or unsupported speculation. *Clark v. Takata Corp.*, 192 F.3d 750, 765-61(7th Cir. 1999). In *United States v. Benson*, the Seventh Circuit noted that the touchstone of admissibility under Rule 702 is helpfulness to the jury. 941 F.2d 598, 604 (7th Cir. 1991).

The Court in this matter finds that, despite his impressive credentials, which are unchallenged by Defendants, Dr. Lynn's testimony as to the effects of the "hypnosis" session on Ms. Jaynes does not meet the standard under parts (1) and (3) of Rule 702 because it appears to the Court that Dr. Lynn has not applied hypnotism principles and methods reliably to the facts of this case and

did not have sufficient facts or data on which to draw his opinion. *See Fuesting v. Zimmer, Inc.*, 421 F.3d 528, 535 (7th Cir. 2005), vacated in part on rehearing, No. 04-2158, 2006 WL 1376957 (7th Cir. May 22, 2006); *see also General Electric Co. v. Joiner*, 522 U.S. 136, 146-47 (1997); *Clark*, 192 F.3d at 757 (finding that the expert's opinion was rendered unhelpful because the expert assumed the very fact that he had been hired to prove).

In his deposition, in contrast with his report, Dr. Lynn now claims that he is giving opinions in this case only about the confidence of Ms. Jaynes' recollection rather than as to the accuracy of her recollections. He also stated in his deposition that he had assumed in his report that Ms. Jaynes was not able to identify Mr. Mayes until after the "hypnosis" and that assumptions can be incorrect. Dr. Lynn also agrees that it would have been important to determine whether there was any corroborating evidence as to Ms. Jaynes' confidence in her identification of Mayes on October 6, 1980 (if, in fact she identified Mayes on that date),[2] which was well before the hypnosis, and he did not do that. He indicated that he did not find any evidence relating to her level of confidence but that his understanding was that she was more confident after the hypnosis based on her 2004 deposition testimony.

Importantly, Dr. Lynn has not spoken to, examined, or conducted any tests of Ms. Jaynes. He has testified that he cannot determine whether she would fall into the category of low, medium, or high hypnotizability, although there are tests that would allow him to determine her level of hypnotizability, which he has not performed on her. Dr. Lynn also stated in his deposition that he cannot give any definite opinions in terms of how she would score on a suggestibility scale. Rather,

---

[2] Importantly, the Court recognizes that the question as to when and how Ms. Jaynes identified Mayes' photograph is sharply disputed by the parties. It is not because the parties' have opposing views of the evidence that the Court excludes the testimony but rather because, overall, Dr. Lynn has not applied hypnotism principles and methods reliably to the facts of this case and did not have sufficient facts or data on which to draw his opinion.

4

not having the benefits of these tests, either at the time of the original hypnosis or now, his opinion as to her suggestibility in 1980 is based on her 2004 deposition. In addition, Dr. Lynn agrees that no one suggested either Mayes' or Hill's identity to Ms. Jaynes during this "hypnosis" session. Nor can Dr. Lynn identify any misleading suggestions given to Ms. Jaynes during the "hypnosis" session. Dr. Lynn appears to have assumed an increase in false confidence on the part of Ms. Jaynes without any supporting evidence from the time period of the "hypnosis."

Accordingly, the Motion *In Limine* is granted to the extent that Dr. Lynn shall not be permitted to testify on the actual effects of the hypnosis or relaxation session or memory recovery session on the crime victim Lisa Jaynes.

The Motion *In Limine* is denied in all other respects. For example, Dr. Lynn is not prohibited from testifying as to whether Detective Myszak's techniques amount to hypnosis or merely relaxation memory enhancement and whether Detective Myszak's techniques and procedures complied with protocols for hypnotic procedures used in criminal investigation.

To the extent that any of Defendants' arguments questioning the methodology used by Dr. Lynn may be relevant to the admissibility of Dr. Lynn's testimony on his other three opinion areas, the Court finds that Defendants have not brought into question any of the factors set forth by *Daubert* regarding the scientific validity of his methodology. Those factors are "(1) whether the scientific theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the theory's known or potential rate of error when applied; and (4) whether the theory has been "generally accepted" in the scientific community." *Fuesting*, 421 F.3d at 534 (citing *Daubert*, 509 U.S. at 593-94). In addition, the 2000 Advisory Committee's Notes to Rule 702 suggest other benchmarks for gauging expert reliability, including:

(5) whether "maintenance standards and controls" exist; (6) whether the testimony relates to "matters growing naturally and directly out of research they have conducted independent of the litigation," or developed "expressly for purposes of testifying;" (7) "[w]hether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion;" (8) "[w]hether the expert has adequately accounted for obvious alternative explanations;" (9) "[w]hether the expert is being as careful as he would be in his regular professional work outside his paid litigation consulting;" and (10) "[w]hether the field of expertise claimed by the expert is known to reach reliable results for the type of opinion the expert would give."

*Id.* at 534-35 (quoting Fed. R. Evid. 702 advisory committee's note (2000 amends.)).

Defendants arguments are essentially that Dr. Lynn's report is unreliable because he opined in an academic paper that lab studies using graduate students have little or no relevant value to real world situations and that one paper he wrote in 2005 found only minimal support for the idea that hypnosis inflates self-reported confidence, citing other evidence in support. However, these arguments do not draw into question the reliability of his methodology or its acceptance in Dr. Lynn's field, but rather go to the weight of his testimony as determined by the trier of fact. Defendants are free to question Dr. Lynn on these issues at trial. It will then be up to the jury to determine whether to apply the principles set forth by Dr. Lynn in the particular fact situation of this case.

## CONCLUSION

Based on the foregoing, the Court now **GRANTS** the Plaintiff's Motion to Strike Portions of the Defendants' Reply Brief as to Dr. Lynn [DE 219], and **GRANTS in part** and **DENIES in part** the Defendants' Motion *in Limine* as to Steven Jay Lynn, Ph.D. [DE 141] and Defendant Detective Sgt. Raymond Myszak's Motion in Limine as to Steven Jay Lynn, Ph.D. [DE 145].

The Court now **STRIKES** paragraphs 114, 117, 118, and 121 in accordance with the holding of this Order.

SO ORDERED this 21st day of June, 2006.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record