UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LARRY MAYES,           )<br>     Plaintiff,       )<br>                           )<br>     vs.                    )<br>                           )<br>CITY OF HAMMOND, INDIANA, et al.,   )<br>     Defendants.       ) | CAUSE NO.: 2:03-CV-379-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Motion Pursuant to Federal Rules of Civil Procedure 16(f) and 37(c) to Bar Defendants from Calling Darrell Eller as a Witness at Trial, or From Adducing Any Evidence Concerning Darrell Eller [DE 233], filed by Plaintiff Larry Mayes on June 19, 2006. A joint response was filed by the Defendants on June 30, 2006, and Mayes filed a reply on July 7, 2006. Based on the following, the Court grants Mayes' motion.

**BACKGROUND**

The discovery deadline in this matter was set for December 9, 2005. At no time has the City of Hammond ("City") asked the Court to extend the fact discovery deadline. Sometime in late December 2005, Detective Solan searched through a banker's box he believed to contain miscellaneous documents concerning the investigation of the murder of Hammond Police Officer Larry Pucalik and discovered a document that was allegedly authored in 1981 by Darrell Eller to the judge in his own criminal proceeding and that allegedly recites a confession by Mayes to Eller of the 1980 rape of Lisa Jaynes and the 1980 murder of Officer Pucalik ("Eller document"). The Eller document consists of several pages of handwritten statements attributed to Mayes concerning both the Jaynes rape and the murder of Officer Pucalik.

At 8:00 a.m. on January 3, 2006, Mayes conducted the deposition of current Hammond Police Chief Brian Miller. Chief Miller testified that, in preparation for his deposition, he reviewed the entire Jaynes file and that he continues to have conversations with Solan concerning the Pucalik case, which is still under active investigation. Chief Miller did not reveal the existence of the Eller document during his deposition nor the existence of a contemporaneous confession by Mayes to the Jaynes rape when asked during his deposition what evidence in his mind supported his continued belief in Mayes' guilt. During the afternoon of January 3, 2006, a meeting was held during which the Eller document was discussed, and at which Miller, Solan, and all defense counsel in this action were present. Counsel for the Defendants allegedly became aware of the Eller document on January 3, 2006.

In January 2006, the City conducted at least two interviews with Eller, including taking an ex parte deposition of Eller on January 10, 2006, at the Offices of attorneys Eichhorn and Eichhorn.

On January 31, 2006, the Defendants disclosed to Mayes the expert report of Robert L. Kuranz, who analyzed the ink used to prepare the documents allegedly authored by Eller. At the time of this disclosure, Eller had not previously been made known to Mayes and his name did not appear in any investigative documents previously disclosed to Mayes. The documents analyzed by Kuranz were not attached to his report. That day, Mayes immediately contacted the City, by phone and in writing, requesting a copy of the Eller document discussed by Kuranz. Later that day, the City faxed a six-page document to Mayes, allegedly prepared by Eller. No other information regarding Eller was provided at that time, neither his address and phone number, the date of the document prepared by him, nor the circumstances under which the document came into the City's possession.

On February 10, 2006, the City disclosed Eller's address to Mayes.

2

In late February, 2006, Mayes served a set of interrogatories and a request for production of documents concerning Eller, requesting that the Defendants respond within fifteen days.

On April 3, 2006, the City responded to Mayes' Eller discovery requests. In that response, the City disclosed the existence of the January 10, 2006 deposition of Eller and represented that the January 10 statement and the expert report of Kuranz were the only available documents written by or concerning Eller. On May 31, 2006, Mayes requested a copy of the January 10, 2006 statement of Eller.

On June 14, 2006, the City produced Eller's January 10, 2006 testimony to Mayes, which consisted of a fifty-page deposition of Eller. The transcript of Eller's deposition revealed to Mayes for the first time that the document disclosed to Mayes on January 31, 2006, as the document analyzed by Kuranz, was allegedly prepared some time in May or June of 1981, prior to Mayes' criminal trials. Eller also stated in his testimony that he was interviewed by Hammond Police Department ("HPD") employees in the fall of 1981 and that among those present were, according to Eller, possibly Officer Myszak and Officer Ratajczak. The January 10, 2006 statement also revealed for the first time to Mayes that Eller had been arrested in April 1981 by the HPD and that Myszak had been involved in processing his arrest. In his January 10, 2006 statement, Eller stated that he prepared the document in his Lake County Jail cell in 1981, which he apparently had shared with Larry Mayes, and that he tendered the document to his defense attorney in order that the information contained in it be communicated to the prosecutor and the judge in his own criminal case. Eller had been arrested for armed robbery in the Spring of 1981.

There was no record of the Eller document in the City's Jaynes investigation file, nor was it used by the prosecution against Mayes during the criminal proceedings. Although Mayes had requested the Pucalik investigation file during the course of discovery in this civil matter, neither

3

the Eller document nor the banker's box of miscellaneous documents in which this letter was found was turned over to Mayes during discovery.

## ANALYSIS

In his motion, Mayes asks the Court to bar the alleged handwritten statement of Mr. Eller and any evidence pertaining to Eller on the bases that the Defendants have failed to comply with the Court's discovery deadline and their obligation to disclose the information under Federal Rule of Civil Procedure 26, the evidence is patently incredible in light of the prosecution's failure to utilize the "confession" at the time of Mayes' prosecution, and permitting the testimony would be prejudicial to Mayes who would be required to conduct extensive fact discovery on the eve of trial.

Federal Rule of Civil Procedure 16(b) provides that the deadline set in the court's discovery order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. P. 16(b). Pursuant to subsection (f) of Rule 16, upon a party or a party's attorney's violation of a scheduling order, the court may "make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Fed. R. Civ. P. 16(f). Rule 37 provides that the court may order prohibiting a "party from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(B).

> Two purposes for requiring the parties to comply with a pre-hearing (or pretrial) order include identifying witnesses and resolving evidentiary disputes in advance of trial, thus narrowing the issues and expediting the trial. When one party fails to comply with a court's pre-hearing order without justifiable excuse, thus frustrating the purposes of the pre-hearing order, the court is certainly within its authority to prohibit that party from introducing witnesses or evidence as a sanction.

4

*Wollenberg v. Comtech Manuf. Co.*, 201 F.3d 973, 978 (7th Cir. 2000) (citing *In re Maurice*, 21 F.3d 767, 773 (7th Cir. 1994)).

In addition, Rule 37(c) provides:

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1).

As a technical matter, the City violated the Court's discovery deadline without asking the Court to extend the deadline. Discovery in this matter closed on December 9, 2005. Nevertheless, the City conducted discovery of Mr. Eller in January 2006 without asking the Court to reopen discovery under Rule 16(b) by showing "good cause" for doing so.[1] Nor do Defendants argue in their response brief that they were not required to seek leave of court to reopen discovery.

Moreover, the Court finds that the Defendants have not provided a justifiable excuse for their actions relating to the belated disclosure of the Eller document nor have they shown that the failure to disclose Eller under Rule 26(a) or to supplement their responses under Rule 26(e)(1) or (e)(2) was harmless. Rules 26(a)(1)(A) and 26(e) require the Defendants to make available "without awaiting a discovery request, . . . the name and . . . the address and telephone number of" Eller. This information was not provided along with the disclosure of the Kuranz report on January 31, 2006, but only on February 10, 2006, pursuant to a January 31, 2006 request by Mayes. Nor did the Defendants supplement responses to interrogatories or requests for production previously served on them by Mayes regarding the Jaynes and Pucalik investigations under Rule 26(e)(2) when Solan

---

[1] However, the City did not violate the Court's scheduling order by retaining Robert L. Kuranz to analyze the ink used to prepare Eller's 1981 written document because the deadline for the Defendants to make expert report disclosures was January 31, 2006.

5

allegedly came across the Eller document for the first time in December 2005. Other than the expert report of Kuranz, which did not even include a copy of the Eller document upon which the report is based, the Defendants have not voluntarily disclosed any information concerning Eller but only upon repeated requests by Mayes. The Defendants did not "voluntarily" provide the Eller document to Mayes but did so only upon a request by Mayes on January 31, 2006. Similarly, the fact of the January 10, 2006 statement of Eller was not disclosed to Mayes until April 3, 2006, in response to interrogatories and requests for production made by Mayes.

The Defendants have failed to provide any reasonable explanation why the fact of Eller's 1981 written statement was not made available to Mayes when it was discovered in December 2005, or why Defendants waited until January 31, 2006, after hiring an ink expert, to disclose the written statement to Mayes. In addition, based on Eller's January 10, 2006 statement, there is evidence that Officer Myszak and others in the HPD may have known of the document since 1981, when, according to Eller, he was interviewed about the statements in the document in the presence of HPD detectives, including possibly Officer Myszak and Officer Ratajczak. The City has offered no rebuttal to this argument by Mayes and has offered no explanation for the failure to disclose the Eller document prior to Solan's discovery of the statement in the banker's box in December 2005 based on the knowledge of at least Officer Myszak; the City does not deny that Myszak knew about the Eller document prior to December 2005. Notably, the City does not disclose in its response brief where the Eller document was found by Solan, although the undated Affidavit[2] executed by Solan regarding his discovery of the Eller document represents that it was in a box of miscellaneous papers concerning the investigation of the murder of Officer Pucalik. Nor has the City responded to Mayes'

---

[2] Although the Affidavit is signed by a notary public and lists the expiration of the notary's commission, the notary's county of residence is not noted on the document, nor does the document appear to bear the notary's seal. *See* Ind. Code § 33-42-2-9.

6

allegations that Solan must have known of the written statement during the time period of Mayes' criminal trial based on his extensive involvement in both the Jaynes and Pucalik investigations.

Unconvincingly, the City posits that it "promptly" and "seasonably" revealed the Eller document once "counsel became aware of Eller's existence and the veracity of his letter." Def. Resp., p. 5. However, whether or not the statement was "authentic" based upon a determination by the City, the Eller document was found in a box of documents that Solan believed to be related to the Pucalik investigation and should have been turned over to Mayes long before January 31, 2006.

The City also has not explained why Solan did not search this box of documents related to the Pucalik investigation when Defendants were originally responding to Mayes' discovery requests. Although the City argues that its attorneys did not learn of the Eller 1981 written statement until January 3, 2006, the duty to disclose discovery and to supplement discovery extends to both attorneys and parties. *See* Fed. R. Civ. P. 26(e). Similarly, the timing of Chief Miller's January 3, 2006 deposition and the subsequent January 3, 2006 meeting regarding the Eller document raise questions about the timing of the knowledge of the City, as a party, as to the Eller document and its revelation to Chief Miller, its attorneys, and Mayes, questions raised by Mayes in his motion to which the City provides no persuasive response.

In addition, the City has not fully responded to Mayes' discovery request regarding the chain of custody of the Eller document up to and including the current time, having responded only as to the events beginning in December 2005 with the discovery of the document by Solan. There is no attempt to explain the custody of the Eller document prior to December 2005, including information contained within Eller's January 10, 2006 deposition such as the alleged preparation of the document in his Lake County Jail cell in 1981, his tendering of the document to his defense attorney in order that the information contained in it be communicated to the prosecutor and the judge, and the

7

subsequent interview of Eller by, among others, HPD officers concerning the subjects addressed in the Eller document. The City was in possession of Eller's January 10, 2006 deposition at the time it prepared its Eller discovery responses.

Mayes has also been prejudiced by Defendants' late and piecemeal disclosure of this evidence. Although Mayes "knew of" Eller since January 31, 2006, it was not until April 3, 2006, when Defendants responded to Mayes' Eller discovery request and then June 14, 2006, when the City produced the January 10, 2006 statement pursuant to Mayes' May 31, 2006 request that Mayes had a full picture of the import and meaning of the Eller document. This late disclosure in light of the quantity of the discovery Mayes would reasonably conduct related to this document is prejudicial.

Finally, pursuant to Federal Rule of Evidence 403, the Eller document's probative value and relevancy in this civil case are minimal at best, and the prejudicial impact outweighs the document's probative value. Although the Eller document was allegedly created prior to Mayes' criminal trial, the document was never relied on in either the Jaynes or Pucalik investigations in 1981, Eller was not called as a witness at Mayes' criminal trial, and the document is not found within the investigative file for either investigation. There is no evidence that, in 1981, the HPD or the Lake County Prosecutor's Office ever considered Eller to be a reliable, credible witness. According to Eller, after his interview in 1981 regarding the document, he was never contacted by anyone to follow up on the information he allegedly possessed. In addition, the Eller document itself bears no authenticating dates or other marks, is written in different handwriting with different pens, and is, by Eller's admission, missing at least one page. Kuranz, Defendant's expert, could only establish that the document was written with a pen produced sometime prior to 1983. There is an account in the Eller document of Mayes "switching cars" during the Jaynes rape that is inconsistent with any known account of the crime. In addition, Eller admits in his January 10, 2006 deposition that he

falsely stated in his letter to his sentencing judge that he had three children in order to obtain a more lenient sentence. And Solan and others have testified that Mayes was not a serious suspect in the Pucalik murder. Accordingly, Eller's testimony is barred under Rule 403.

Recognizing that exclusion of evidence is an extreme remedy for a discovery violation, the Court nevertheless finds that exclusion of the Eller document and all other testimony and documentation by or regarding Eller is appropriate in this case.[3]

## CONCLUSION

Based on the foregoing, the Court now **GRANTS** the Motion Pursuant to Federal Rules of Civil Procedure 16(f) and 37(c) to Bar Defendants from Calling Darrell Eller as a Witness at Trial, or From Adducing Any Evidence Concerning Darrell Eller [DE 233]. The Court **ORDERS** that the parties shall be prohibited from attempting to introduce at trial the Eller document, the January 10, 2006 Eller deposition, and the Kuranz report and from eliciting any testimony from or about Eller.

So ORDERED this 18th day of July, 2006.

s/ Paul R Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record

---

[3] Defendants argue that Mayes failed to comply with the requirements of Local Rule 37.1 prior to filing the instant motion. Mayes did include a certificate of compliance with Local Rule 37.1 at page 26 of the instant motion but did not include it as a separate document as required by the Local Rule. Local Rule 37.1(c) makes it discretionary for the Court to deny a motion based on a failure to comply with Local Rule 37.1(a) or (b). Because the Court finds that Mayes substantially complied with the necessary substance of the certificate at page 26 of the motion and in light of the nature of this discovery dispute, the technical failure to file the certification as a separate document does not justify denial of the motion in this case under the instant circumstances.