UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LARRY MAYES, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>CITY OF HAMMOND, INDIANA; DETECTIVE )<br>MICHAEL SOLAN; and JOHN and JANE DOES )<br>1 through 50, )<br>)<br>    Defendants. ) | CAUSE NO.: 2:03-CV-379-PRC |

**OPINION AND ORDER**

This matter is before the Court on (1) a "Motion to Bar Steven J. Lynn, Ph.D. Per [DE 98, 234, 276] of the Defendant, City of Hammond" [DE 322], filed by Defendant City of Hammond ("City") on July 18, 2006; (2) an "Amended Motion to Bar Steven J. Lynn, Ph.D. Per [DE 98, 234 & 276] of the Defendant, City of Hammond" [DE 326], filed by the City on July 19, 2006; and (3) a "Motion for an Expedited Ruling of the Defendant, City of Hammond, as to its Amended Motion to Bar Steven J. Lynn, Ph.D. Per [DE 98, 234 & 276]" [DE 329], filed by the City on July 19, 2006.

Within the January 3, 2006 deadline for his expert witness disclosures, Plaintiff Larry Mayes disclosed Steven J. Lynn, Ph.D. as an expert in hypnotism. On January 3, 2006, an unsigned version of Dr. Lynn's report was tendered and a signed version was tendered on a later date. Dr. Lynn was deposed on March 1, 2006, in Syracuse, New York.

On March 28, 2006, Defendants filed a motion in limine as to Dr. Lynn, seeking to bar the testimony of Dr. Lynn. On June 21, 2006, the Court granted in part and denied in part the motion, holding that "Dr. Lynn shall not be permitted to testify on the actual effects of the hypnosis or

relaxation session or memory recovery session on the crime victim Lisa Jaynes." Court Order of 6/21/06 [DE 234].  The motion in limine was denied in all other respects.

Approximately two months after Dr. Lynn's deposition, Mayes submitted several additional sets of testimony to Dr. Lynn that he had not reviewed previously.  Defendants made numerous requests of Mayes to have Dr. Lynn supplement his report and deposition testimony pursuant to Federal Rule of Civil Procedure 26(a)(2) and 26(e)(1).  Mayes did not provide a supplemental report.  On July 11, 2006, pursuant to a motion filed by Defendants, the Court ordered that Mayes provide to Defendants a supplemental report of Dr. Lynn on or before July 18, 2006, and make Dr. Lynn available to defendants for a telephone deposition limited to three hours at a time and date to be arranged by the parties.

On July 18, 2006, Mayes tendered a brief supplemental report of Dr. Lynn. In that report, Dr. Lynn summarized the additional testimony he had reviewed and wrote:

> I understand that I will not be permitted to testify concerning the specific effects of hypnosis on Ms. Jaynes in this case.  However, I also understand that I will be permitted to testify regarding the potential effects of hypnosis on memory and confidence in an eyewitness situation, including the circumstances presented in this case.  In this regard, the additional documents I reviewed did not *substantially* change my opinions, nor did they change my opinions regarding what constitutes hypnosis, whether it is reasonable to describe what transpired during the session as relaxation rather than hypnosis, and whether the Hurd guidelines were followed.

Def. Br., Exh. A (emphasis added).  On July 19, 2006, Mayes tendered an amended supplemental report of Dr. Lynn in which the word "substantially" was changed to "substantively."

In objecting to this supplemental report, Defendants argue that Dr. Lynn's supplemental report is not the categorical affirmation that none of his opinions had changed that Mayes had earlier represented; that the supplemental report does not clarify whether he is reaffirming his original report or his deposition testimony, as Defendants assert there are discrepancies in his testimony; and

2

that Dr. Lynn should not be permitted to do implicitly what he cannot legitimately do expressly, that is to give general opinions regarding the alleged tendency of hypnosis to lead to an increased risk of false memories or false confidence even though he cannot legitimately attribute any such effect to Ms. Jaynes as a result of the hypnosis session with Officer Myszak.

First, Dr. Lynn's statement that his opinions have not "substantively" changed is the practical equivalent of Mayes' earlier representation that Dr. Lynn's opinions have not changed. Second, any further clarification of his supplemental report as to whether it is substantively the same as his original report or as his deposition can be explored by Defendants during the supplemental deposition.

Finally, the Court's June 21, 2006 Order expressly prohibited Dr. Lynn from testifying as to the effects of the hypnosis on Ms. Jaynes. In that Order, the Court did not prohibit Dr. Lynn from testifying generally about the potential effects of hypnosis on memory and confidence in an eyewitness situation, including the circumstances presented in this case. In the briefing of the instant motion, both parties argue the relevancy of the latter to the issues in this case. The Court declines to decide the relevancy issue outside the context of the actual testimony given by Dr. Lynn and specific questions posed by counsel for Mayes' on direct examination. Nothing in the Court's June 21, 2006 Order prevents Defendants from objecting to this line of questioning during the course of Mayes' direct examination of Dr. Lynn at trial.

Based on the foregoing, the Court now **GRANTS** the "Motion for an Expedited Ruling of the Defendant, City of Hammond, as to its Amended Motion to Bar Steven J. Lynn, Ph.D. Per [DE 98, 234 & 276]" [DE 329] and **DENIES** (1) the "Motion to Bar Steven J. Lynn, Ph.D. Per [DE 98,

3

234, 276] of the Defendant, City of Hammond" [DE 322] and (2) the "Amended Motion to Bar Steven J. Lynn, Ph.D. Per [DE 98, 234 & 276] of the Defendant, City of Hammond" [DE 326].

So ORDERED this 21st day of July, 2006.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record