**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| LARRY MAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:03-CV-379-PRC |
| | ) | |
| CITY OF HAMMOND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Deem Admitted Plaintiff's Request for Admission Number 20 [DE 252], filed by the Plaintiff Larry Mayes on June 30, 2006. On July 15, 2006, Defendant City of Hammond ("City") filed a response, and on July 17, 2006, Defendants Raymond Myszak and Michael Solan filed a response. Mayes filed a reply on July 19, 2006.

**BACKGROUND**

In June 2006, Mayes served on Defendants a Request for Admission pursuant to Federal Rule of Civil Procedure 36(a). Paragraph 20 requested that the Defendants admit the following: "On December 18, 2001, [DNA testing described in preceding paragraphs] determined that Larry Mayes and James Hill were both excluded from being the persons who were the source of the semen recovered from the scene of the rape." Pl. Br., Exh. A. In response, the City stated, "Neither the City nor its agents authorized, directed or participated in the testing and therefore it can neither truthfully admit or deny request #20." Defendant Solan responded that he could "neither admit nor deny the request" because he "lack[ed] sufficient expertise to interpret the results." Neither of the responses contained the required language from Rule 36(a) that they had "made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Fed. R. Civ. P. 36(a).

On December 9, 2001, discovery closed.

On June 21, 2006, the Court granted in part and denied in part the Motions to Strike Plaintiff's DNA References and Evidence, striking portions of the evidence designated by Mayes in support of summary judgment and ordering that the parties make no reference to DNA or DNA testing at trial.

On June 29, 2006, Mayes filed a motion to reconsider the Court's ruling on DNA evidence.

On June 30, 2006, Mayes filed the instant motion to deem admitted.

On July 21, 2006, the Court granted in part and denied in part the motion for reconsideration on the DNA evidence. The Court ordered that the parties may attempt to introduce the 2001 Indiana State Police Report authored by Paul Misner and that the Court intends to take judicial notice of Judge Maroc's December 20, 2001 order vacating Mayes' 1982 criminal convictions as well as the reasons stated therein. However, the parties will not be permitted to attempt to introduce, make reference to, or solicit testimony regarding the October 2005 Cellmark testing and results.

**ANALYSIS**

Federal Rule of Civil Procedure 36(a) provides in relevant part:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. . . . .
> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. *An answering party may not give lack of information or knowledge as a*

2

> *reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.* A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.
>
> . . . . If the court determines that an answer does not comply with the requirements of this rule, it may *order* either that the matter is admitted or that an amended answer be served.

Fed. R. Civ. P. 36(a) (emphasis added). The party challenging the sufficiency of a response to a request for admission has the burden of persuasion to demonstrate that the response is insufficient.

> Typically, the ability to prove sufficiency hinges on the specificity of the response; not the response's accuracy. A motion to determine sufficiency is not an appropriate vehicle to litigate the correctness of a response as Rule 36 does not permit the court to determine whether a response is supported by evidence before trial. If a party believes a response to a request to admit is incorrect, the appropriate remedy under Rule 26 is to prove the matter at trial, and then apply to the court for reasonable expenses, including reasonable attorney fees, in making that proof.

*Climco Coils Co. v. Siemens Energy & Automation, Inc.*, 2006 WL 850969, *1 (N.D .Ill. Mar. 28, 2006) (citing *Wanke v. Lynn's Transp. Co.*, 836 F.Supp. 587, 598 (N.D. Ind.1993)).

Mayes argues that Defendants' responses are insufficient under Rule 36 for lack of any indication that they undertook the "reasonable inquiry" required by the Rule to support their refusal to admit or deny the request. Mayes also asserts that the responses are insufficient because numerous statements by Defendants since their response to the request demonstrate that Defendants actually possessed knowledge that would have permitted them to either admit or deny the request. Defendants respond that the purpose of Mayes' motion under Rule 36 is again to attack the Court's June 21, 2006 Order barring DNA evidence, that Mayes misstates the requirement of Rule 36, that Mayes falsely argues that Defendants do not dispute the DNA evidence, and that Mayes incorrectly attempts to shift the burden to Defendant regarding compliance with expert discovery.

3

As to the technical requirements of Rule 36(a), the Defendants have not complied with the requirement that "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless *the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny*." Fed. R. Civ. P. 36(a) (emphasis added). Although the City states in its response that it "can neither truthfully admit or deny request #20" because neither it nor its agents "directed or participated in the testing," the City does not state that it made a reasonable inquiry or that the information known or readily obtainable by the City was insufficient.

Mayes also makes the distinction between Defendants opposing the scientific validity of the 2001 DNA testing itself as opposed to a challenge by the Defendants as to the integrity of the blood sample from Mr. Mayes used in the 2001 DNA profile comparison. In other words, Mayes posits that Defendants have not taken the position that there is a basis for disputing the validity of the 2001 DNA testing but rather dispute the implications of that testing for Mayes' innocence. Defendant Solan, the current Captain of the detectives, in his official capacity and as the City's Rule 30(b)(6) representative, testified in his deposition that there is no basis for questioning the validity of the 2001 DNA evidence. Solan also testified that there was no basis to question "whether or not the DNA testing that was done in connection with Mr. Mayes was accurate" nor that it was actually Mayes' blood that was compared in the course of the 2001 testing. Rather, Mayes asserts that any question Solan subsequently had as to Mayes' innocence and the DNA evidence related to whether the semen found in Ms. Jaynes and on her clothing belonged to a consensual partner, explaining that such other evidence "neutralized" the DNA analysis. Therefore, Mayes argues that, in fact, Solan must have made a "reasonable inquiry" as to the validity and results of the 2001 testing based on his deposition testimony. Although Solan may be a lay witness with no expertise in DNA, as asserted

by Defendants, such lack of expertise does not preclude him from conducting a reasonable inquiry leading to a conclusion regarding the factual conclusion of the testing.

In their response, Defendants assert that they are not required to make inquiry of third parties in response to a request for admission. However, under certain circumstances, parties may be required to inquire of third parties to properly respond to requests to admit. *See, e.g., Hanley v. Como Inn, Inc.*, No. 99 C 9486, 2003 WL 1989607, at *2 (N.D. Ill. Apr. 28, 2003) (citing cases); *Lambert v. Owens*, No. 99 C 50076, 2002 WL 1838163, at *1 (N.D. Ill. Aug. 9, 2002). Nevertheless, a "reasonable inquiry is limited to review and inquiry of those persons and documents that are within the responding party's control." *Hanley*, 2003 WL 1989607 at *2. Mayes asserts that the information necessary to respond was "readily obtainable" by Defendants, through individuals known to them who had participated in related proceedings in this case and whose interests were far from hostile to Defendants'. Defendants argue that any "reasonable inquiry" would have required Defendants to depose Mayes' DNA experts, which Mayes never disclosed, and thus would have wrongly shifted the burden under Rule 26(a)(2) regarding expert witnesses to Defendants.

The Court finds that Plaintiff's Request for Admission #20 asks the Defendants neither to admit the validity of the 2001 testing nor to make an admission as to Mayes' innocence in light of that DNA evidence. Rather, request #20 simply asks the Defendants to admit the historical fact of the results of the December 18, 2001 DNA testing–that the test found that Mayes and Hill were each excluded as being the person who was the source of the semen recovered from the scene of the rape. A response to this request requires no expert testimony, and the Court finds that the City had access to the individuals and documents necessary to respond to this request without unreasonable expense or effort. Moreover, a party responding to a request for admission may qualify the response. *See* Fed. R. Civ. P. 36(a); *Climco Coils Co.*, 2006 WL 850969, at *1 ("Sometimes an admission may

5

necessitate qualification when the request is technically true, but an explanation is needed to cure improper inferences. In such a case, the responding party may in 'good faith' qualify their response, but in doing so must also state specifically what part of the request is true."). Therefore, for example, if the City were to admit the request for admission #20 as to the meaning that the Court finds request #20 possesses, the City could qualify the response as to those related issues that the City does not admit, such as questions of validity or innocence, that are not directly requested for admission.

On this Rule 36 motion to deem admitted, the Court does not address the accuracy or correctness of Defendants' responses to Mayes' request for admission #20, but rather whether Defendants' responses were sufficient in their specificity. The Court finds that Defendants did not "comply with the requirements of [Rule 36]," Fed. R. Civ. P. 36(a), in responding to request #20 by their failure to state that they had "made reasonable inquiry and that the information known or readily obtainable by [them was] insufficient to enable [them] to admit or deny," *id*., nor have Defendants discharged their burden of demonstrating that they conducted a reasonable inquiry. The Court may either deem the request admitted or require Defendants to file an amended response to the request. In light of the Court's finding as to the scope of request for admission #20, the appropriate remedy in this case is to require Defendants to file an amended answer to Mayes' request for admission #20. Any argument by Mayes as to the accuracy of the amended answer may be challenged at trial, if appropriate.

The Court recognizes that this motion to deem admitted was made many months after the close of the discovery and approximately a year after Mayes received Defendants' discovery responses and that the motion was made only after the Court initially held that DNA evidence would be excluded at trial. Defendants object to the motion as untimely. However, Mayes has explained his reliance–whether or not appropriate–on past positions taken by Defendants regarding the validity

6

of the DNA evidence as a basis for not previously challenging Defendants' responses to the request for admission. Also, in light of the purpose of Rule 36 "to establish the truth or genuineness of a matter in order to eliminate the need to prove the matter at trial or to limit the triable issues of fact," *Taborn v. Unknown Officers,* No. 00 C 652, 2001 WL 138908, at *1 (N.D. Ill. Feb. 16, 2001), the Court finds that ruling on the substance of the motion may facilitate the narrowing of issues for trial.

## CONCLUSION

Having considered the motions, the Court now **GRANTS** the Motion to Deem Admitted Plaintiff's Request for Admission Number 20 [DE 252] but provides relief different than that requested by Mayes. The Court **ORDERS** that Defendants City of Hammond and Michael Solan file an amended answer to Mayes' request for admission #20 on or before **12 noon on August 3, 2006**.

SO ORDERED this 1st day of August, 2006.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record