UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LARRY MAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:03-CV-379-PRC |
| ) | |
| CITY OF HAMMOND, INDIANA, and ) | |
| DETECTIVE MICHAEL SOLAN, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Suppress of the Defendant, City of Hammond [DE 405], filed by Defendant City of Hammond ("City") on August 4, 2006. On August 6, 2006, Plaintiff Larry Mayes filed a response, and on August 8, 2006, the City filed a reply.

In the motion, the City asks the Court to enter an order barring any reference to the December 19, 2001 correspondence of Mr. Paul Misner and any information regarding any DNA evidence until such time as the Plaintiff establishes a complete chain of custody for the samples the testing results of which Mr. Misner compared and an evidentiary foundation for the testing the results of which Mr. Misner compared. The City also challenges whether Mr. Misner's December 19, 2001 letter is a public record.

Federal Rule of Evidence 803(8)(C) provides that "records, reports, statements, or data compilations, in any form of public offices or agencies setting forth . . . in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness," are not excluded by the hearsay rule. Fed. R. Evid. 803(8)(C). A report offered under Rule 803(8) is deemed admissible unless the party opposing its admission demonstrates that the report lacks trustworthiness. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 161-70 (1988); *Klein v. Vanek*, 86 F. Supp. 2d 812, 820 (N.D. Ill. 2000).

First, the Court finds that Mr. Misner's December 19, 2001 report is a public record. Pursuant to the request of Deputy Prosecutor Kathleen O'Halloran, Mr. Misner, in the course of his official duties as the DNA Database Supervisor for the Indiana State Police, performed a comparative analysis of the Cellmark DNA profile and Mr. Mayes' CODIS profile pursuant to the post-conviction DNA proceedings that are authorized under Indiana Code § 35-38-7. Subsequent to complying with that request by conducting the comparison of the data and drawing his conclusion, Mr. Misner documented his factual findings in the form of the letter that he sent to Ms. O'Halloran.

The Court further finds that the City has not discharged its burden under Rule 803(8) to demonstrate that Mr. Misner's report lacks trustworthiness. Unlike the cases cited by the City in its motion and reply, the City has not demonstrated and has offered no evidence that the process Mr. Misner used to generate his December 19, 2001 letter, including the underlying data provided to him by third parties on which he relied to make his factual findings, was unreliable. Although the City argues that Mr. Misner's report contains hearsay within hearsay because neither the Cellmark report nor the Genelex report, from which Mr. Misner made his findings, is a public record, no information from either Cellmark or Genelex is contained within Mr. Misner's report. Therefore, there is no hearsay within hearsay.

Accordingly, the Court now **DENIES** the Motion to Suppress of the Defendant, City of Hammond [DE 405].

So ORDERED this 10th day of August, 2006.

    s/ Paul R. Cherry
    MAGISTRATE JUDGE PAUL R. CHERRY
    UNITED STATES DISTRICT COURT

cc: All counsel of record