UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| LARRY MAYES, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO.: 2:03-CV-379-PRC |
| | ) | |
| CITY OF HAMMOND, INDIANA, et al., | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on an order from the United States Court of Appeals for the Seventh Circuit [DE 546], issued on July 15, 2008, and filed with this Court on July 17, 2008. The Court of Appeals has remanded this case for the limited purpose of allowing the Court to inform the Court of Appeals whether it is inclined to vacate the judgment and jury verdict.

**PROCEDURAL BACKGROUND**

Plaintiff Larry Mayes filed his civil rights Complaint with this Court on September 3, 2003. On July 5, 2006, the Court issued an Order granting in part and denying in part the City of Hammond's Motion for Summary Judgment, granting Defendant Raymond Myszak's Motion for Summary Judgment, granting Defendant Frank DuPey's Motion for Summary Judgment, and granting in part and denying in part Defendant Michael Solan's Motion for Summary Judgment.

A jury trial was held, and on August 22, 2006, the jury returned a verdict in favor of Plaintiff and against Defendants City of Hammond and Solan in the amount of $9 million. The Court ordered the Clerk of Court to enter judgment on the verdict, which the Clerk of Court entered on August 25, 2006.

Cross appeals were then filed with the United States Court of Appeals for the Seventh Circuit, the appeals were consolidated, the parties fully briefed the appeals, and oral arguments were

heard by the panel. On March 10, 2008, the parties informed this Court during a telephonic conference that a settlement had been reached among the parties in the amount of $4.5 million. On March 25, 2008, an order from the Court of Appeals was docketed in this case, granting a joint motion to stay the appellate proceedings as a result of the settlement.

On June 26, 2008, the parties filed a Joint Motion to Vacate the Underlying Judgment and Jury Verdict with the Court of Appeals. In the motion, the parties represent that they have reached a preliminary settlement of all matters in the consolidated appeal subject to three conditions precedent: (1) the Court of Appeals refraining from issuing an order on the pending briefs; (2) an order from the Court of Appeals vacating the August 22, 2006 Jury Verdict and the August 25, 2006 Judgment in the district court; and (3) the approval of the settlement and the issuance of a bond by the Hammond Common Council in the amount of the settlement. The parties further represent that the Hammond Common Council approved two ordinances regarding the settlement and the issuance of a bond to fund the settlement. The bond sale to finance the settlement was completed on June 19, 2008; the settlement funds are now available.

On July 10, 2008, the parties filed a Notice of Status with the Court of Appeals, reiterating the terms of the settlement agreement, that the settlement funds are available, and that pursuant to the agreement the parties do not have a settlement without the entry of an order vacating the jury verdict and the judgment in the district court. The parties requested that the Court of Appeals continue to stay the appeal pending resolution of the Joint Motion to Vacate.

On July 15, 2008, the Court of Appeals issued an order denying the parties' Joint Motion to Vacate and remanding to this Court "for the limited purpose of allowing the district court to inform

2

us if it is inclined to vacate the judgment and jury verdict." Order, docket entry 546. The order was filed with this Court on July 17, 2008.

## ANALYSIS

The issue on remand from the Court of Appeals is whether this Court is inclined to vacate the jury verdict and judgment entered on August 22, 2006, and August 25, 2006, respectively, as a condition of the settlement agreement between the parties. If the Court so indicates, then the Court of Appeals would remand the entire case for an order from this Court vacating the jury verdict and judgment. However, if the Court indicates that it is not so inclined and the Court of Appeals does not find exceptional circumstances to support vacatur on appeal, then it appears from the representations of the parties that the terms of the settlement agreement would not be effectuated and the appeals process, which is currently stayed, would go forward on the merits. In order to determine whether it is inclined to vacate the jury verdict and judgment in this case, the Court requires further joint briefing, in addition to the Joint Motion to Vacate previously filed with the Court of Appeals, as to the legal standard and factual basis for vacatur on remand.

### A. Standard for Vacatur as a Condition of Settlement

*1. Supreme Court standard for vacatur of an underlying judgment on appeal*

In 1950, the United States Supreme Court established the "happenstance test" for vacatur when a federal civil case becomes moot on its way to the Supreme Court or pending the Supreme Court's decision, explaining that "[t]he established practice of this Court . . . is to reverse or vacate the judgment below and remand with a direction to dismiss." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950). The vacatur "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." *Id.* at 40.

In the context of settlement, however, the Supreme Court later refined the test in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, holding that for an appellate court, "mootness by reason of settlement does *not* justify vacatur of a judgment under review." 513 U.S. 18, 29 (1994) (emphasis added). Yet, vacatur on appeal is still possible when mootness occurs through settlement under "exceptional circumstances." *Id*. Nevertheless, "[i]t should be clear . . . that those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur . . . ." *Id*. The Supreme Court held that the "exceptional circumstances" test applies not only to a case pending before the Supreme Court but also to cases before the federal courts of appeals.

Notably, as occurred in the instant case, the Supreme Court counseled that, "even in the absence of, or before considering the existence of, extraordinary circumstances, a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request, which it may do pursuant to Federal Rule of Civil Procedure 60(b)." *Id*.

*2. Seventh Circuit application of the* Bonner Mall *standard*

In 1988 and prior to *Bonner Mall*, the Seventh Circuit had already taken a firm position of denying motions to vacate the opinion and judgment of a district court as a condition of settlement on appeal. *See In re Memorial Hosp. of Iowa County, Inc.*, 862 F.2d 1299, 1300 (7th Cir. 1988) (Easterbrook, J.) (publishing the opinion, when such decisions normally were unpublished, to explain the reason for the circuit's practice given that it was in conflict with the majority of other circuits addressing the issue). First, the court found that a settlement on appeal does not moot a case. *Id*. at 1301 (citing *Ringsby Truck Lines, Inc. v. W. Conference of Teamsters*, 686 F.2d 720,

4

721-22 (9th Cir. 1982)). The Seventh Circuit then rejected the position of other circuits that a court of appeals should automatically vacate a district court's judgment in order to promote settlements. *Id*. at 1302. The court was concerned with balancing the private interests of the parties involved in a given appeal with the effects of vacatur on third parties, judicial resources, and precedent. *Id.* In coming to its conclusion, the court recognized the frustration one party may experience when the court refuses to oblige this element of a settlement agreement but reasoned that the interests of individual parties fall within the larger judicial system, which requires orderly operation and reliance on precedent in future cases. *Id*. at 1303. Ultimately, the court held that the parties in *Memorial Hospital* were not free to contract about the existence of the underlying decisions. The court did not discuss the possibility of the district court effectuating the vacatur on remand, the procedure later established in *Bonner Mall*.

The opinion in *Bonner Mall* was subsequently issued in 1994, and in 2007, in *Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, the Seventh Circuit recognized the Supreme Court's "exceptional circumstances" standard for vacatur of an underlying judgment as a result of settlement on appeal as well as the recommended procedure for remand to the district court, relying in addition on Circuit Rule 57.[1]  *Marseilles*, 481 F.3d 1002, 1003 (7th Cir. 2007) (Posner, J.).

---

[1] Seventh Circuit Rule 57 provides:
A party who during the pendency of an appeal has filed a motion under Fed. R. Civ. P. 60(a) or 60(b), Fed. R. Crim. P. 35(b), or any other rule that permits the modification of a final judgment, should request the district court to indicate whether it is inclined to grant the motion. If the district court so indicates, this court will remand the case for the purpose of modifying the judgment. Any party dissatisfied with the judgment as modified must file a fresh notice of appeal.

7th Cir. R. 57.

*3. Standard on remand to district court*

"The determination of whether or not to vacate a previously issued decision is an equitable one, which falls within the discretion of the court." *Nilssen v. Motorola, Inc.*, Nos. 93 C 6333, 96 C 5571, 2002 WL 31369410, at *2 (N.D. Ill Oct. 21, 2002) (citing *Bonner Mall*, 513 U.S. at 27). Within the Seventh Circuit, vacatur as a condition of settlement is disfavored. *See The Chamberlain Group, Inc. v. Interlogix, Inc.*, No. 01 C 6157, 2004 WL 1197258, at *2 (N.D. Ill. May 28, 2004) (citing *Memorial Hosp.*, 862 F.2d at 1300; *Nilssen*, 2002 WL 31369410; *Pivot Point Intern., Inc. v. Charlene Prods., Inc.*, No. 90 C 6933, 2002 WL 1484488 (N.D. Ill. July 10, 2002) (Easterbrook, J., sitting pursuant to Local General Rule 2.30(E)); *Allen-Bradley Co. v. Kollmorgen Corp.*, 199 F.R.D. 316 (E.D. Wis. 2001); *Krolikowski v. Volanti*, No. 95 C 1254, 1996 WL 451307 (N.D. Ill. Aug. 7, 1996)).

The district courts in *Allen-Bradley*, *Nilssen*, *Pivot Point*, and *The Chamberlain Group* adopted the "exceptional circumstances" test of *Bonner Mall* as the standard for a district court reviewing a motion to vacate as a condition of settlement. Relying primarily on the Fourth Circuit, the court in *Nilssen* reasoned that many of the same considerations before a court of appeals are present for the district court as well: (1) the relief sought is equitable with a general presumption against granting such relief; (2) the language of vacatur authorities does not suggest a different standard for different levels of review; and (3) "there are no considerations that would be relevant to the inquiry beyond those identified in [*Bonner Mall*]." *Nilssen*, 2002 WL 31369410, at *2 (citing *Valero Terestrial Corp. v. Paige*, 211 F.3d 112, 118-20 (4th Cir. 2000)). Like the Supreme Court in *Bonner Mall* establishing the standard for a court of appeals faced with a request for vacatur as a condition of settlement, district courts have also found that "exceptional circumstances" cannot

6

be the simple fact of settlement or the "common circumstances occasioned by a settlement." *The Chamberlain Group*, 2004 WL 1197258, at * 2.

In contrast, in 2007, the Seventh Circuit in *Marseilles* stated in dicta[2] that it is inclined to follow the Ninth Circuit in its holding that a district court considering a Rule 60(b)(6) motion on remand is *not* bound by the "exceptional circumstances" test.  481 F.3d at 1003.[3]  The Court of Appeals reasoned that, because the Supreme Court in *Bonner Mall* held that "a court of appeals can remand a case even in the absence of such circumstances, . . . it would make no sense if the district court could not vacate its judgment in that absence." *Id*. at 1003 (citing *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1168-69 (9th Cir. 1998), but noting the contrary position taken by the Fourth Circuit in *Paige*, 211 F.3d at 116-21).  The Seventh Circuit did not suggest what standard would be used on remand, but the Ninth Circuit in *American Games* employed the equitable balancing test from *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982). *See Am. Games*, 142 F.3d at 1168-69.

### B.  Vacatur in the Instant Cause of Action

In support of their request for vacatur, the parties' Joint Motion to Vacate filed with the Seventh Circuit cites only a 2006 unpublished Seventh Circuit decision that vacated an underlying judgment because the appeal had become moot, not as a result of settlement, but rather as a result

---

[2] The Seventh Circuit did not remand to the district court for vacatur, finding that the parties had misapprehended the effect that a vacatur would have had and assuming that, having clarified the effects of the underlying summary judgment decision, the settlement would go through in the absence of vacatur.  *See Marseilles*, 481 F.3d at 1003.

[3] Under Rule 60(b)(6), the "catchall" provision of Rule 60, a party can obtain relief from a final judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  The established standard is that a Rule 60(b)(6) motion be made "within a reasonable time" and with a showing of "extraordinary circumstances."  *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 393 (1993).

7

of the tax debt to the United States having been fully satisfied in a separate bankruptcy proceeding. *See* Mot. to Vacate, p. 3 (citing *In re: Anne L. Dewes*, No. 04-3677 (7th Cir. July 21, 2006)). In the Joint Motion to Vacate, the parties did not cite *Bonner Mall* nor did they attempt to apply *Bonner Mall*'s "extraordinary circumstances" standard for vacatur as a condition of settlement on appeal to the facts of this case. The parties did not articulate a standard for vacatur before a district court. The only argument the parties made for vacatur, other than emphasizing that the settlement will not be effectuated in the absence of vacatur, is that vacatur would retain the Court of Appeals' "position as a neutral arbitrar [sic] of the parties' claims, leaving it to the parties to effectuate a bargain as they so choose." *Id*.

Accordingly, before the Court can inform the Court of Appeals whether it is inclined to vacate the jury verdict and judgment in this case, the Court requires additional briefing from the parties. The Court orders the parties to file a joint brief in support of their request for vacatur, addressing topics including, but not limited to:

> (1) the legal standard for vacatur as a condition of settlement before a district court on remand from the Seventh Circuit;
>
> (2) demonstrating "exceptional circumstances" under the *Bonner Mall* standard as adopted by other district courts in the Seventh Circuit, including but not limited to *Nilssen v. Motorola, Inc.*, 2002 WL 31369410; *Pivot Point*, 2002 WL 1484488; and *The Chamberlain Group*, 2004 WL 1197258;
>
> (3) applying the equitable balancing test of *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982) (finding that whether an underlying judgment should be vacated as a condition of settlement "may be different in different cases as equities and hardships vary the balance between the competing values of right to relitigate and finality of judgment"), which appears to be the standard implied by the Seventh Circuit in *Marseilles*, 481 F.3d at 1003 (citing *Am. Games*, 142 F.3d at 1168-69), including but not limited to
>> (a) the effect of the fact that the parties are not seeking to vacate the Court's summary judgment orders,

8

  (b) the interests of third parties in the preclusive effect of the jury verdict and judgment and/or the preclusive effect thereof on the parties,
  (c) the precedential value of the jury verdict and judgment to future litigants,
  (d) the value of finality of judgments;
  (e) the public resources and judicial time expended both at the trial and appellate levels,
  (f) the public policy of vacating the jury verdict in this case, which was arrived at after more than two weeks of trial and many hours of deliberation,
  (g) the private interests in this settlement, and
  (h) any other public policy concerns;

(4) demonstrating that the parties can satisfy any other legal standard the parties feel may be applicable to a district court considering vacatur of a jury verdict and judgment as a condition of settlement on remand from the Seventh Circuit; and

(5) articulating why the settlement in this case is conditioned on vacatur of the jury verdict and judgment, including whether any parties are motivated by the desire to avoid the collateral estoppel effect, if any, of the jury verdict and/or judgment.

Again, the parties are encouraged to fully brief the issue of vacatur and should not limit themselves to the issues raised by the Court, if appropriate.

## CONCLUSION

Based on the foregoing, the Court now **ORDERS** the parties to **FILE** a joint brief, on or before **August 8, 2008**, setting forth the law and facts, as requested in Part B of the Analysis, necessary for the Court to inform the Court of Appeals whether the Court is inclined to vacate the jury verdict and judgment in this case as a condition of settlement. Upon receipt of the brief, the Court will expeditiously issue an order in response to the Court of Appeals' inquiry.

So ORDERED this 29th day of July, 2008.

          s/ Paul R Cherry
          MAGISTRATE JUDGE PAUL R. CHERRY
          UNITED STATES DISTRICT COURT

cc:  All counsel of record