# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| LARRY MAYES, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 2:03-CV-379-PRC |
| CITY OF HAMMOND, INDIANA, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER (REISSUED)

This matter is again before the Court on a Renewed Joint Motion to Vacate the Verdict and Judgment as Condition Precedent to Settlement [DE 550], filed by Plaintiff Larry Mayes and Defendants City of Hammond, Michael Solan, Frank Dupey, and Raymond Myszak on August 29, 2008. On September 2, 2008, the Court granted the motion and vacated the jury verdict and judgment after receiving notice of the Court of Appeals' August 28, 2008 Order remanding this case. However, the Mandate did not issue from the Court of Appeals until September 23, 2008. Accordingly, the Court now reissues its decision vacating the jury verdict and judgment as of the date of this Opinion and Order.

This federal civil rights action was filed on September 3, 2003. On July 5, 2006, the Court issued an Order granting in part and denying in part the City of Hammond's Motion for Summary Judgment, granting Defendant Raymond Myszak's Motion for Summary Judgment, granting Defendant Frank DuPey's Motion for Summary Judgment, and granting in part and denying in part Defendant Michael Solan's Motion for Summary Judgment. On August 22, 2006, following a jury trial, a verdict was entered in favor of Mr. Mayes and against Defendants City of Hammond and

1

Solan in the amount of $9 million. On August 25, 2006, the Clerk of Court entered judgment on the verdict.

Cross-appeals were then filed with the United States Court of Appeals for the Seventh Circuit and were fully briefed and argued before an appellate panel on September 27, 2007. On March 10, 2008, as the parties jointly informed this Court by telephone, a settlement was reached in the amount of $4.5 million. On March 25, 2008, an order from the Court of Appeals was docketed in this case, granting a joint motion to stay the appellate proceedings as a result of the settlement.

On June 26, 2008, the parties filed a Joint Motion to Vacate the Underlying Judgment and Jury Verdict with the Court of Appeals. In the motion, the parties represented that they had reached a preliminary settlement of all matters in the consolidated appeal subject to three conditions precedent: (1) the Court of Appeals refraining from issuing an order on the pending appellate briefs; (2) an order from the Court of Appeals vacating the jury verdict and judgment in the district court; and (3) the approval of the settlement and the issuance of a bond by the Hammond Common Council. On July 10, 2008, the parties filed a Notice of Status with the Court of Appeals, requesting that the Court of Appeals continue to stay the appeal pending resolution of the Joint Motion to Vacate.

On July 15, 2008, the Seventh Circuit denied the parties' joint motion to vacate and remanded the appeal for the limited purpose of allowing this Court to inform the Court of Appeals if it was inclined to vacate the judgment and jury verdict. Subsequently, pursuant to this Court's Order of July 29, 2008, the parties on August 8, 2008, submitted a joint brief in support of their request that this Court express its inclination to the Circuit Court of Appeals that the judgment and jury verdict should be vacated in order to effectuate global settlement of all claims in the action. In

that joint brief, the parties argued that, pursuant to *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 386 (1994), and *Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, 481 F.3d 1002 (7th Cir. 2007), this Court possessed discretion under Federal Rule of Civil Procedure 60(b)(6) to vacate the judgment and jury verdict upon finding that vacatur was justified by a favorable balance of equitable factors. The parties further argued that, in this instance, the mutual interests of the parties and the public in joint settlement, the extraordinary hardships that would be faced in particular by Mr. Mayes in the absence of settlement, and the limited impact of vacatur on public interests in the final judgment and prior opinions of this Court, counseled in favor of granting the requested vacatur.

On August 15, 2008, this Court issued an Opinion and Order advising the "United States Court of Appeals for the Seventh Circuit that it is inclined to grant the joint request of the parties to vacate the August 22, 2006 jury verdict and the August 25, 2006 judgment in this case as a condition of their proposed settlement agreement." The Court, having conducted a review of "all of the equities, both public and private" involved in the request to vacate, determined that the uniquely difficult circumstances of Mr. Mayes' current life, the City of Hammond's financial situation, the 'amicable' settlement agreement, the joint nature of the request for vacatur, the precedential value of this Court's unscathed summary judgment rulings, and the lack of any significant public concern mitigating against vacatur constituted "exceptional circumstances" and tipped the balance of equities in favor of vacatur.

On August 28, 2008, the Court of Appeals for the Seventh Circuit filed a per curiam decision, outlining the procedural history of this case, observing that, in accord with *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994), and *Marseilles Hydro Power LLC*

3

*v. Marseilles Land & Water Co.*, 481 F.3d 1002 (7th Cir. 2007), the appeal had been remanded to the district court for the purpose of obtaining its view on the question of vacatur, and noting that in response "the district court issued an Opinion and Order on August 15, 2008, advising us that it is inclined to grant the joint request to vacate the jury verdict and judgment." The Court of Appeals then "remanded to the district court for further proceedings." *Mayes v. City of Hammond, et al.*, Nos. 06-3328, 06-3488, and 06-3563 (7th Cir. Aug. 28, 2008) (per curiam).

On August 29, 2008, the parties filed the instant renewed joint motion for vacatur in light of the findings set forth in this Court's Opinion and Order of August 15, in light of the August 28, 2008 remand by the Seventh Circuit, and for further reasons set forth in the parties' joint memorandum of August 8, 2008. The parties requested that this Court enter an order pursuant to Federal Rule of Civil Procedure 60 vacating the judgment and jury verdict in this action.

On September 2, 2008, the Court issued an Opinion and Order granting the Renewed Joint Motion to Vacate the Verdict and Judgment as Condition Precedent to Settlement and ordered that the jury verdict and judgment in this case be vacated. As a result, on September 2, 2008, the case was reopened and the jury verdict and judgment were vacated. On September 4, 2008, the Court issued an Order requiring the parties to file a Status Report by October 3, 2008, only in the event a Stipulation for Dismissal had not been filed in advance of that date.

On September 23, 2008, the Court of Appeals issued a Mandate and a certified copy of the Judgment, remanding the case to this Court for further proceedings in accordance with its August 28, 2008 Order.

Accordingly, the Court hereby **REISSUES** its September 2, 2008 Opinion and Order and, for the reasons set forth in this Court's Order of August 15, 2008, incorporated herein, the Court

4

**GRANTS** the Renewed Joint Motion to Vacate the Verdict and Judgment as Condition Precedent to Settlement [DE 550]. The Court **ORDERS** that the Jury Verdict [DE 464] and Judgment [DE 466] in this case are hereby **VACATED**. The Court **DIRECTS** the Clerk of Court to amend docket entries 464 and 466 to show that the Jury Verdict and Judgment, respectively, are vacated as of September 24, 2008. The Court **REAFFIRMS** the **October 3, 2008,** Status Report deadline, ordering the parties to file a Status Report only in the event a Stipulation of Dismissal is not filed in advance.

So ORDERED this 24th day of September, 2008.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record